T. HOGAN & SONS, INC., Appellant, v. COMPAGNIE GENERALE TRANSATLANTIQUE, Respondent.

First Department, January 10, 1930.

*Eli J. Blair* of counsel [*Platt, Field & Taylor*, attorneys], for the appellant.

*Edward J. Garity* of counsel [*Joseph P. Nolan* and *Frank T. Hendl* with him on the brief], for the respondent.

PROSKAUER, J. This is an appeal from a judgment entered upon a verdict directed by the court, the plaintiff having reserved its exceptions to the refusal to submit the case to the jury.

The plaintiff was a contract stevedore employed by the defendant to unload its vessels. Two of its employees, Miner and Jeffrey, were accidentally injured. Each brought a negligence action against both the plaintiff and the defendant. The plaintiff vouched the defendant into each action and in those actions the plaintiff and the defendant each made a separate settlement. The plaintiff sues here for indemnity to recover the full amount it paid to each of the injured men in settlement on the theory that the only negligence which occasioned the accidents was that of the defendant in failing to furnish the plaintiff's employees with a safe place to work. Each of the negligence actions was predicated solely on the claim of unsafe place to work and no other negligence was alleged.

In the Miner case it was claimed that crossbeams in a hatch were out of line and sprung, that the fore and aft beams could not be placed thereon for the safe operation of the hatches without the use of pressure forcibly to straighten the crossbeams, and that in the course of removing the forward fore and aft beams the crossbeams sprung back to their original position and thus caused the aft fore and

aft beams to become dislodged and the hatch to fall. The evidence clearly discloses that there was this initial defect in the crossbeams, which would have justified a jury in finding that the accident was due to the negligence of this defendant in failing to supply a safe place to work. There remains, however, the further question as to whether there was an intervening act of negligence on the part of the present plaintiff. Miner was injured on the third or fourth day after the operations had begun and during that interval force had been used to remove the fore and aft beams and to place them back in position. Of this the plaintiff's foreman had knowledge. The extent of Miner's knowledge of the situation does not clearly appear. The plaintiff had here the burden of proving Miner's cause of action against the defendant, and the evidence was sufficient to raise these questions for the jury: (1) Was there an independent intervening act of negligence on the part of the plaintiff which was a contributing cause of the accident? (2) Was Miner himself guilty of contributory negligence? (3) Was the accident due to the negligence of a fellow-servant?

In the Jeffrey case it appeared that the beams spanning a hatchway were too short. When this was discovered, the plaintiff's foreman, together with a mate of the defendant's ship, put checks under each end of the short beam; the beam none the less slipped out of place and Jeffrey fell into the hold of the ship. Upon this evidence there should have been submitted to the jury substantially the same questions which arose in the Miner case.

For these reasons the judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.